GREENBERG TRAURIG, LLP
MATHEW S. ROSENGART (SBN 255750)
MATTHEW R. GERSHMAN (SBN 253031)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
rosengartm@gtlaw.com
gershmanm@gtlaw.com
Telephone: 310-586-7700
Facsimile:  310-586-7800

Attorneys for Respondents
RAVEN ASSET-BASED OPPORTUNITY FUND II LP
and
RAVEN ASSET-BASED OPPORTUNITY FUND III LP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN-LIGHT INTERNATIONAL, LLC,<br><br>Petitioner,<br><br>v.<br><br>RAVEN ASSET-BASED OPPORTUNITY FUND II LP; and RAVEN ASSET-BASED OPPORTUNITY FUND III LP,<br><br>Respondents. | CASE NO. 2:16-cv-6250<br><br>**NOTICE OF REMOVAL OF ACTION FROM STATE COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446] |

**PLEASE TAKE NOTICE** that Respondents Raven Asset-Based Opportunity Fund II LP and Raven Asset-Based Opportunity Fund III LP ("Raven") hereby remove the above-captioned action, *GREEN LIGHT INTERNATIONAL, LLC v. RAVEN ASSET-BASED OPPORTUNITY FUND II LP AND RAVEN ASSET-BASED OPPORTUNITY FUND III LP,* Case No. SS026212 (Los Angeles Superior Court) (the "Action") from the California Superior Court for the County of Los Angeles, West District, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1446.  Raven hereby provides "<u>a short and plain statement of the grounds for removal</u>" pursuant to 28 U.S.C. § 1446(a) (emphasis added).[1]

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this matter is between citizens of different states within the meaning of that provision and the amount in controversy exceeds $75,000.

## VENUE

2. The instant Action was filed in the Superior Court of the State of California for the County of Los Angeles, West District.  Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1391(a), and 1441(a).

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). *See also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-91 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

3.      Additionally, venue is proper in this District under 9 U.S.C. § 9, because the Partial Final Award was rendered in this District after Oral Argument and an Evidentiary Hearing, which also occurred within this District before Hon. Rosalyn Chapman (Ret.).

## PLEADINGS

4.      This Action follows the resolution of arbitration proceedings between the parties and concerns an arbitration award rendered in this District after Oral Argument and an Evidentiary Hearing, which also occurred within this District.  On or about May 26, 2016, Petitioner Green-Light International, LLC ("Green-Light") filed a Petition in the Superior Court for the County of Los Angeles, West District, captioned "*GREEN LIGHT INTERNATIONAL, LLC v. RAVEN ASSET-BASED OPPORTUNITY FUND II LP AND RAVEN ASSET-BASED OPPORTUNITY FUND III LP,* Case No. SS026212."  Before serving Respondents, Green-Light filed a First Amended Petition to Vacate Arbitration Orders and Awards (the "First Amended Petition").  Respondents were first served with the Summons and First Amended Petition on August 9, 2016.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and First Amended Petition filed in the Los Angeles County Superior Court is attached hereto as Exhibit A, which also includes the entirety of all pleadings, process, and orders served upon Respondents in the state court action.

5.      Separately, on July 19, 2016, Raven filed in the United States District Court for the Central District of California a Petition to Confirm JAMS Arbitration Award (the "Raven Petition").  (Pet. Confirm JAMS Arbitration Award, *RAVEN ASSET-BASED OPPORTUNITY FUND II LP V. GREEN-LIGHT INTERNATIONAL, LLC*, No. 2:16-cv-05358-R-GJS, ECF No. 1.)  The Raven Petition is currently pending in this Court before Hon. Judge Manuel L. Real.

## SERVICE ON THE STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

## SUBJECT-MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332(a) & 1331

7. Federal subject-matter jurisdiction exists under 28 U.S.C. § 1332(a)(2), because the diversity of citizenship between Petitioner and Respondent is complete and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Respondents are Delaware limited partnerships engaged in, among other things, lending, investing, and film financing. At all relevant times, their partners were citizens of the State of New York. Thus, Respondents are New York citizens for diversity purposes. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990) ("diversity jurisdiction in a suit by or against the [limited partnership] entity depends on the citizenship of all the members.") (internal citations and quotation marks omitted).

9. Petitioner Green-Light is a California limited liability company that acts as a film sales agent and financier. Its members, on information and belief, including its President Jeff Elliott and principals Chad Moore and Christian de Gallegos, are all citizens of the State of California. Thus, Green-Light has California citizenship for diversity purposes. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Thus, because Green-Light is a citizen of California and Respondents are citizens of New York, the Action is between citizens of different states under the definition of 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different states. . . ."

11. As reflected in Exhibit O to Green-Light's First Amended Petition (included within Exhibit A, attached hereto), sanctions and attorney's fees alone in this matter include $63,000 in monetary sanctions *plus* attorney's fees in an amount that, at the time, was to be set later. Exhibit A at 142. The Arbitrator's subsequent Partial Final Award re: Sanctions, filed on August 12, 2016 and attached hereto as Exhibit B, confirms attorney fees of $107,504 (and a total sanctions award of $186,302) – well in excess of the statutory minimum.) Exhibit B at 12-13. Additionally, the amount in controversy with respect to the injunctive relief at issue in the initial Partial Final Award is in the hundreds of thousands of dollars. *Id.* at 8. Thus, the amount in controversy easily exceeds $75,000, satisfying the requirement set forth in 28 U.S.C. § 1332(a).

## REMOVAL IS TIMELY

12. Green-Light served Respondents with the Summons, First Amended Petition, and related process on or after August 9, 2016. This Removal is within 30 days of the service of the this Action on Defendant. This Removal is timely.

## NO ADMISSION

13. By this filing, Raven does not admit any liability, does not concede the accuracy of Green-Light's allegations, and does not concede that Green-Light is entitled to any of the relief sought by the Petition, including vacatur or relief of any other kind.

WHEREFORE, the Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated: August 19, 2016          GREENBERG TRAURIG, LLP

By: _____*/s/ Matthew R. Gershman*_____
Matthew R. Gershman
Attorneys for Respondents Raven Asset-Based Opportunity Fund II LP and Raven Asset-Based Opportunity Fund III LP